IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES of AMERICA                PLAINTIFF/RESPONDENT

V.                No. 2:11-CR-20012
               No. 2:13-CV-02193

RONALD HERNANDEZ-ZETINO                DEFENDANT/PETITIONER

REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petitions, (*ECF No.* 33) filed August 12, 2013, under 28 U.S.C. §2255. The Government filed its Response, (*ECF No.* 40) on September 13, 2013, and the Petitioner did not filed a Reply.

**I. Background**

On January 14, 2011, a criminal complaint was filed alleging Ronald Hernandez-Zetino ("Hernandez-Zetino") on or about December 19, 2010, was found to be in the United States, after having previously been deported without having obtained permission from the Attorney General of the United States and/or the Secretary of the Department of Homeland Security to re-enter the United States, in violation of Title 8 U.S.C. §§ 1326(a) and (b)(2). (Doc. 1.)

On February 24, 2011, Hernandez-Zetino was named in a one-count Indictment filed in the United States District Court for the Western District of Arkansas. (Doc. 7.) The Indictment charged Hernandez-Zetino as being an illegal alien who had been previously removed or deported from the United States on or about December 8, 2006, after being convicted of an aggravated felony, namely Sexual Assault in the Second Degree in the Circuit Court of Sebastian County, Arkansas, in violation of Title 8 U.S.C. §§ 1326(a) and (b)(2).

On April 12, 2011, Hernandez-Zetino appeared with counsel, Shannon Blatt, before the Honorable Chief U.S. District Judge P. K. Holmes, III, for a change of plea hearing. (Doc. 13.) A written plea agreement was presented to the Court which set forth that Hernandez-Zetino would agree to plead guilty to the Indictment. (Doc. 14.) Pursuant to the Plea Agreement, Hernandez-Zetino admitted to being a citizen of El Salvador who had last been deported on July 29, 2010, after being convicted of Sexual Assault in the Second Degree in the Sebastian County Circuit Court. (Doc. 14, ¶ 2(a).)

On August 2, 2011, a hearing was held regarding the withdrawal of Shannon Blatt as Hernandez-Zetino's counsel and the appointment of Jack Schisler. The Court entered its Order on August 3, 2011, approving Ms. Blatt's withdrawal and Mr. Schisler's appointment. (Doc. 16.)

On August 2, 2011, the Probation Office issued a revised PSR. The PSR assessed a base offense level of 8. (PSR ¶ 9.) The PSR added a 16-point enhancement because Hernandez-Zetino was previously deported after a felony conviction for a crime of violence, pursuant to U.S.S.G. § 2L1.2(b)(1)(A). (PSR ¶ 10.) Hernandez-Zetino received a three-point reduction for acceptance of responsibility (PSR ¶ 15) resulting in a Total Offense Level of 21. (PSR ¶ 16). Hernandez-Zetino was assessed seven points of criminal history, putting him in criminal history category IV. (PSR ¶ 27.) The resulting advisory guideline range was 57 to 71 months. (PSR ¶ 39.)

On October 4, 2011, Hernandez-Zetino appeared for sentencing. (Doc. 17.) The Court expressed final approval of the Plea Agreement. (Id.) The Court sentenced Hernandez-Zetino to 57 months imprisonment, no term of supervised release, and a $100 special assessment. (Doc. 19.)

On October 17, 2011, Hernandez-Zetino filed a Notice of Appeal. (Doc 21.) On appeal, wherein counsel filed an Anders brief, Hernandez-Zetino argued this Court committed procedural error in sentencing him and that his sentence was substantively unreasonable. *United States v. Hernandez-Zetino*, 469 Fed. Appx. 497 (8th Cir.2012). On May 14, 2012, the Eighth Circuit filed its opinion affirming this Court's judgment. Id. at 498

On August 12, 2013, Hernandez-Zetino filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "§ 2255 Motion"). (Doc. 33.). The Defendant argues that 1) his Trial Counsel was Ineffective, 2) his Appellate Counsel was Ineffective, 3) that he was denied Due Process because his Plea was not Voluntary, and 4) that the Trial Court Committed certain sentencing errors.

## II.  Discussion

### A. Ineffective Assistance of Trial Counsel:

The Defendant contends his Trial Counsel was ineffective because she/he 1) Failed to Adequately Consult and Communicate with the Defendant; 2) Failed to Negotiate an Optimal Plea; 3) Failed to Move for "Various Downward Departures"; 4) Failed to Adequately Prepare Defendant for his Allocution at Sentencing. (ECF No. 33, p. 4).

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000); 2254. *Cox v. Wyrick,* 642 F.2d 222, 226 (C.A.Mo., 1981) To establish a claim of ineffective assistance of counsel, the Defendant must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, under the "deficient performance" component, he must show that his counsel "made

errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted.

Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense).

To satisfy this "prejudice" prong, Defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *U.S. v. Rice*, 449 F.3d 887 at 897 (internal quotations omitted). Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir.2007) (citing *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir.2004)). Additionally, actual prejudice does not exist where a petitioner, at best, suffers the mere possibility of prejudice. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir.1996) (mere possibility does not equal actual prejudice). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the

performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999).

Also, to the extent that Petitioner's claims arise out the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997).

**1) Failed to Adequately Consult and Communicate with the Defendant**;

**2) Failed to Negotiate an Optimal Plea;**

The Defendant executed a Plea Agreement (ECF No. 14) on April 4, 2011 which stated that he had "fully discussed with defense counsel the fact of this case and the elements of the crime".  (Id., p. 1). The Defendant entered his plea of guilty before the District Court on April 12, 2011 and at the Plea Hearing acknowledged to the court that he had opportunity to go over the agreement with his attorney and that he understood the agreement. (ECF No. 30, p. 5).

The court first notes that the Defendant's allegations are vague and conclusory. Vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255.  See *Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir.).  See also  *Smith v. United States*, 677 F.2d 39, 41 (8th Cir.1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal).

In addition these first two claims are barred because of the Defendant's plea. A guilty plea operates as a break in the chain of events of the criminal process. *Tollett,* 411 U.S.258 at 267 (1973).  Once a criminal defendant solemnly professes his guilt before the Court, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that

occurred prior to the entry of the guilty plea." Id. Only the voluntary and intelligent character of the guilty plea may be attacked. Id.; *see Bass v. United States*, 739 F.2d 405, 406 (8th Cir.1984) (the focus of a collateral attack must remain limited to the nature of counsel's advice and the voluntariness of the plea) which the Defendant has asserted and will be addressed later.

### 3) Failed to Move for "Various Downward Departures"

At sentencing, Hernandez-Zetino's counsel, Mr. Schisler, specifically requested this Court to consider granting a downward variance. Mr. Schisler communicated a number of factors for the Court to consider which included Hernandez-Zetino's age at the time he committed his sexual assault offense, that his criminal history occurred before he was 25, that the 16-level increase was based on an offense that did not appear to be inherently violent, and his deportation status. (Sent. Tr., pp. 8 -12.) It was Mr. Schisler's recommendation that the Court vary downward to a range of 24 to 30 months. (Sent. Tr., p. 12). Though the Court rejected counsel's argument, it is clear that counsel tried to obtain a more favorable sentence for Hernandez-Zetino. Just because counsel was unsuccessful in his arguments, does not mean he was ineffective. James v. Iowa, 100 F.3d 586, 590 (8th Cir.1996) (Counsel is not ineffective simply because his arguments ultimately are unsuccessful.).

### 4) Failed to Adequately Prepare Defendant for his Allocution at Sentencing

The Defendant's Attorney spoke at length on the Defendant's behalf at sentencing as noted above. (ECF No. 26, pp. 8-12).  When the court asked the Defendant if he had anything to say he stated; "I would ask the Court to consider my case, because I have my family and I need to be with them." (Id., p. 12). The Defendant has not stated what additional information he feels should have been presented to the judge for consideration at sentencing. Vague and conclusory

allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255. *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir.). *See also Smith v. United States*, 677 F.2d 39, 41 (8th Cir.1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal).

### B. Inefficient Appellate Counsel

The Defendant raised the following issues concerning his Appellant Counsel alleging that he effectively abandoned issues related to:

**1) defects in his Rule 11 plea colloquy,**

**2) the substantively unreasonableness of his sentence,**

**3) procedural defects affected his sentencing, and**

**4) by filing an Anders brief in lieu of a formal appeal briefing**

To establish ineffective assistance of appellate counsel, Defendant must show appellate counsel's performance was deficient, and prejudice from that deficiency. *Strickland,* 466 U.S. at 687-88; *Becht v. United States*, 403 F.3d 541, 545 (8th Cir.2005).

On appeal, appellate counsel is expected to winnow the issues and highlight those issues that are most likely to prevail. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) ("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal."); *Gee v. Groose*, 110 F.3d 1346 (8th Cir.1997) ("Reasonable appellate strategy requires an attorney to limit the appeal to those issues counsel determines have the highest likelihood of success."); *Otey v. Grammar*, 859 F.2d 575 (8th Cir.1987) ("This process of 'winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy.'"). "It is

the obligation of any lawyer - whether privately retained or publicly appointed - not to clog the courts with frivolous . . . appeals." *Polk County v. Dodson*, 454 U.S. 312, 323 (1981); *Parker v. Bowersox*, 94 F.3d 458, 462 (8th Cir.1996) ("To perform competently under the Sixth Amendment, counsel is neither required nor even advised to raise every conceivable issue on appeal."). Therefore, absent contrary evidence, "we assume that appellate counsel's failure to raise a claim was an exercise of sound appellate strategy." *Roe v. Delo*, 160 F.3d 416, 418 (8th Cir.1998) (quotation omitted).

The Defendant has failed to articulate any specific argument that he believes should have been presented by his attorney on appeal and again has asserted only conclusory allegations. "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal . . . " *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir.1985); see also *Carpenter v. United States*, 720 F.2d 546, 548 (8th Cir.1983) (conclusory allegations are insufficient to rebut the presumption of competency granted to defense counsel).

Appellate counsel perfected the appeal by timely filing a notice of appeal. While appellate counsel did file an Anders brief, counsel did in fact brief the issues Hernandez-Zetino complains were effectively abandoned.  The court also notes that the federal appeals court noted that "Having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we have found no nonfrivolous issues" (*U.S. v. Hernandez-Zetino* 469 Fed.Appx. 497, 2012 WL 1674025, 1 (C.A.8 (Ark. (C.A.8 (Ark.),2012))

C.  **Voluntary Plea**

The Defendant contends that his plea was not knowing, intelligent, and voluntarily made.

Case 2:11-cr-20012-PKH   Document 41   Filed 12/09/13   Page 9 of 13 PageID #: 175

(ECF No. 33, p. 7)

To be constitutionally valid, a guilty plea must be knowing, voluntary, and intelligent, and because a guilty plea constitutes a waiver of various constitutional rights, it must be made with sufficient awareness of relevant circumstances and likely consequences. *See, e.g., United States v. Martinez-Cruz*, 186 F.3d 1102, 1104 (8th Cir. 1999). At the same time, an accused's representations during plea-taking, such as those concerning the voluntariness of the plea, carry a strong presumption of veracity. *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997).

1.  Procedural Default

The failure to raise an issue on direct appeal ordinarily constitutes a procedural default and precludes a defendant's ability to raise that issue for the first time in a § 2255 motion. *United States v. Dejan*, 208 F.3d 682, 685 (8th Cir.2000). A defendant who does not challenge the validity of his guilty plea on direct appeal is barred from challenging it in a collateral proceeding unless he can "demonstrate 'cause' and actual 'prejudice' or that he is 'actually innocent.' " *Bousley*, 523 U.S. at 622. "Cause" may exist where "a constitutional claim is so novel that its legal basis is not reasonably available to counsel" at the time of the direct appeal. *Reed v. Ross*, 468 U.S. 1, 16 (1984).

There is no question that the Defendant is not "innocent" of the charge and has failed to demonstrate any actual prejudice. The resulting PSR advisory guideline range was 57 to 71 months (PSR ¶ 39.) and the defendant was sentenced to 57 months. Even, however, if the court were to consider the Defendant's claim it is without merit.

2.  Plea Proceedings

According to the Plea Agreement signed by Hernandez-Zetino, he acknowledged no

promises, agreements, understandings, or conditions had been made or entered into in connection with his decision to plead guilty except those set forth in the Plea Agreement. (Doc. 14, ¶ 25©.) Additionally, Hernandez-Zetino affirmed during the plea hearing that everything agreed upon with the United States was included in the Plea Agreement. (Change of Plea Tr., p. 5.) Furthermore, Hernandez-Zetino acknowledged he was entering the Plea Agreement freely, voluntarily, and without reservation and that his desire to pled guilty was not the result of threats or coercion directed at him or anyone connected with him. (Doc. 14, ¶ 25(e).) Thus, as the record contradicts Hernandez-Zetino's allegation that his plea was not voluntary.

By signing the Plea Agreement, Hernandez-Zetino acknowledge he had discussed the facts of the case and the elements of the crime to which he was pleading guilty. (Doc. 14, ¶ 2.) At his plea hearing, Hernandez-Zetino stated he understood the charges against him. (Change of Plea Tr., p. 4.) Hernandez-Zetino, by signing the Plea Agreement, acknowledged the maximum penalties he faced (Doc. 14, ¶ 10) and the Court advised him of the maximum sentence and penalties he was subjecting himself to by pleading guilty (Change of Plea Tr., p. 6). Furthermore, the record shows Hernandez-Zetino understood the rights he was giving up by pleading guilty. (Change of Plea Tr., p. 8.) *See United States v. Gray*, 152 F.3d 816, 820 (8th Cir. 1998) (rejecting claim of involuntary plea where defendant acknowledged he was pleading guilty of his "own free will" and denied any threats or coercion); *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (defendant's representations during pleataking carry strong presumption of verity)

There is nothing in the record to indicate that the Defendant's plea was not voluntarily and intelligently made.

**D. Sentencing**

The Defendant's final contention is that the sentencing court made the following errors related to his sentencing.

**1.  The District Court Sentenced the Defendant in part upon incomplete and unreliable information.**

The Defendant has not specified what the incomplete or unreliable information is that he believes the court relied upon. He has again asserted conclusory allegations with the same result. Vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255.  *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir.).

**2.  The Sentence is Procedurally unreasonable**, and

**3.  The Sentence is Substantively unreasonable**

The Defendant has again not stated what was "procedurally" or "substantively" unreasonable with his sentence.  He has not claimed that the PSR was deficient in any way and the guidelines called for a sentence between 57 to 71 months and the Defendant was sentenced at the lower end of the guideline range.  The district court's responsibility is not to impose a "reasonable" sentence, but a sentence that is sufficient, but not greater than necessary, to comply with the sentencing goals set forth in the § 3553(a) factors. *United States v. Greene*, 513 F.3d 904, 907 (8th Cir.2008). However, a sentence within the guidelines range is presumed reasonable*, United States v. Lincoln*, 413 F.3d 716, 717 (8th Cir.2005).  The court, in this case, sentenced the Defendant at the lowest end of the sentencing range and the sentence was, therefore, reasonable.

**4.  The District Court failed to Adequately explain its sentence consistent with the requirements of 18 U.S.C. §3553.**

This allegation has no basis because the court did explain its 3553 considerations and inter alia acknowledge that the 16-level increase was necessary but unfortunate, acknowledged the defendant's family, and his criminal history of entering the country illegally on several occasions. (ECF No. 26, p. 13).

**5. The District Court failed to give adequate consideration to the sentencing factors enumerated in 18 U.S.C. §3353(a).  (ECF No. 33, p. 9)**.

For the reasons stated above this claim has no merit

Regardless, Hernandez-Zetino re-argues issues already decided by the Eighth Circuit on direct appeal. Hernandez, 497 Fed. Appx. 497. Claims decided on direct appeal cannot be relitigated in a § 2255 motion. *See Davis v. United States*, 673 F.3d 849, 852 (8th Cir. 2012) (claims that are raised and decided on direct appeal cannot be relitigated on a subsequent motion to vacate); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003).

On direct appeal, Hernandez-Zetino's appellate counsel filed an Anders brief in which he argued this Court committed procedural error in sentencing Hernandez-Zetino and that his sentence was substantively unreasonable. Hernandez-Zetino, 469 Fed. Appx. 497. After review, the Eighth Circuit found this Court committed no significant procedural error and nothing indicating his sentence was substantively unreasonable. Id. Therefore, with the issues having been raised and lost on appeal, Hernandez-Zetino may not revive these claims on collateral review.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 (ECF No. 33) be **DISMISSED with PREJUDICE**.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated December 9, 2013

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
U. S. MAGISTRATE  JUDGE